IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>JAYSON YANES,<br><br>       Defendant. | 8:19CR42<br><br>FINDINGS AND RECOMMENDATION |

   This matter is before the Court on the Motion to Suppress Evidence and Statements and Request for Hearing (Filing No. 22), and the Motion for *Franks v. Delaware* Hearing (Filing No. 26) filed by Defendant, Jayson Yanes. Defendant filed briefs (Filing No. 23; Filing No. 27) and Indices of Evidence (Filing No. 24; Filing No. 28) in support of his motions. The government filed a consolidated brief (Filing No. 33) in opposition to both motions.

   The Court held an evidentiary hearing on the motions on April 17, 2019. Defendant was present with his attorney, Jason Troia. The government was represented by Assistant United States Attorney, Thomas Kangior. Omaha Police Department Officer Robert Branch, Jr., testified on behalf of the government. The Court received into evidence, without objection, Exhibit 1 offered by the government and Exhibits 101-104 offered by Defendant. A transcript (TR.) of the hearing was prepared and filed on April 29, 2019. (Filing No. 40). This matter is now fully submitted to the Court. For the following reasons, the undersigned magistrate judge recommends that Defendant's motions be denied.

## BACKGROUND

   On August 1, 2018, a Nebraska county court judge signed a search warrant for a residence at "4207 South 23rd Street" in Omaha, Nebraska, based upon an affidavit submitted by Officer Robert Branch, Jr., and Officer James Haley. (Ex. 1). The affidavit contained the following information:

   On June 20, 2018, Officers Branch and Haley received information from a reliable confidential informant ("CI") that Defendant was involved in distributing methamphetamine. The CI told officers that Defendant drives a Black Ford Explorer and lives and sells drugs at a

residence "in the area of 23rd and G Street." Officers drove with the CI to that area and the CI identified Defendant's residence at 4207 South 23rd Street. The CI also positively identified Defendant in a photograph. Officers ran Defendant's criminal history and found he was arrested in 2002 for "Fugitive from Justice/Special Agreement/Narcotics." Officer Branch also found an Omaha Police Department Incident Report dated May 23, 2018, wherein Defendant reported that items had been stolen out of his black Ford Explorer with Nebraska license plate number VSU222. On June 21, 2018, Officer Branch conducted drive-by surveillance of "4203 South 23rd Street" and observed a Black Ford Explorer with Nebraska license plate number VSU222 parked in the alley behind the residence. Additionally, within 48 hours, Officer Branch received information from the CI that he/she had been inside the residence at "4203 South 23rd Street" and observed Defendant sell a small quantity of methamphetamine to an unknown person and also observed Defendant in possession of a handgun. The CI also advised that Defendant had the front door of the residence barricaded and surveillance cameras installed in the front and back. Officer Branch was familiar with the CI and had previously directed the CI to make controlled buys of methamphetamine. The CI also had previously provided Officer Branch with information that resulted in felony arrests, recovery of numerous firearms, and seizure of illegal narcotics.

Based upon the above information, a Nebraska county court judge found that there was probable cause to believe that officers would find methamphetamine and other items used to conduct illegal narcotics operations at "4207 South 23rd Street" in Omaha, Nebraska, and signed a no-knock search warrant authorizing a search of the premises and seizure of contraband. (Ex. 1). Officers executed the warrant on the same date. The SWAT team utilized to help execute the search warrant mistakenly entered the neighboring residence at 4209 South 23rd Street. The SWAT team was advised of the mistake and proceeded to the residence at 4207 South 23rd Street, where officers recovered drug paraphernalia, a firearm, and methamphetamine. (TR. 14). Defendant was arrested and advised of his *Miranda* rights and subsequently made incriminating statements.

Defendant filed the instant motion to suppress, arguing that the evidence seized from the August 1, 2018, search at 4207 South 23rd Street, and any statements he made after his arrest, were fruit of a search warrant issued without probable cause. Defendant also requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), claiming that officers intentionally and recklessly omitted material facts from the affidavit and application for the search warrant.

## ANALYSIS

### I. Probable Cause for the Warrant

Defendant argues probable cause did not exist to issue the search warrant for 4207 South 23rd Street. "Probable cause to issue a search warrant exists when an affidavit in support of the warrant sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007)(internal quotation marks omitted)(quoting *United States v. Davis*, 471 F.3d 938, 946 (8th Cir. 2006)). When relying on an affidavit to establish probable cause, "the probable cause determination must be based upon only that information which is found within the four corners of the affidavit." *United States v. Stults*, 575 F.3d 834, 843 (8th Cir. 2009). "Search warrant [a]pplications and affidavits should be read with common sense and not in a grudging, hyper technical fashion." *United States v. Ryan*, 293 F.3d 1059, 1061 (8th Cir. 2002)(quotations and citations omitted). An issuing judge's determination of probable cause "should be paid great deference by reviewing courts." *United States v. Mutschelknaus*, 592 F.3d 826, 828 (8th Cir. 2010).

Defendant asserts that probable cause did not exist because Officer Branch's supporting affidavit did not contain the basis for the CI's information. (Filing No. 23 at p. 4). Contrary to Defendant's assertion, the affidavit outlines the basis for the CI's information and establishes the CI's reliability. Officer Branch averred that the CI had informed him that Defendant was involved in distributing methamphetamine and lives and sells drugs at a residence "in the area of 23rd and G Street." When officers rode with the CI to that area, the CI pointed to the residence at 4207 South 23rd Street as the place where the CI had observed Defendant sell a small quantity of methamphetamine and where the CI saw Defendant in possession of a handgun. The CI also identified Defendant in a photograph to officers and told Officer Branch that Defendant drove a black Ford Explorer. Officer Branch conducted drive-by surveillance of the target residence and observed a Black Ford Explorer with Nebraska license plate number VSU222 parked nearby. Officer Branch found an incident report dated one month prior where Defendant had claimed that items had been stolen out of "his" Ford Explorer bearing the same license plate number. As such, Officer Branch was able to corroborate some of what the CI had told him. See *United States v. Buchanan*, 574 F.3d 554, 562 (8th Cir. 2009)(concluding an informant can be reliable "if the information he or she supplies is at least partially corroborated by other sources.").

Additionally, the affidavit establishes that the CI was known to Officer Branch to be reliable, as the CI had previously made controlled buys of methamphetamine pursuant to Officer Branch's direction and had previously provided Officer Branch with information that resulted in felony arrests, recovery of numerous firearms, and seizure of illegal narcotics. See *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993)("The reliability of a confidential informant can be established if the person has a history of providing law enforcement officials with truthful information."); *United States v. Neal*, 528 F.3d 1069, 1073-74 (8th Cir. 2008)(finding reliability of informant was supported by a single controlled buy from defendant and the informant's statement that she observed firearms in the defendant's residence). Statements from a reliable confidential informant are themselves sufficient to support probable cause for a search warrant. See *United States v. Wright*, 145 F.3d 972, 975 (8th Cir. 1998).

Defendant also argues probable cause did not exist to issue the warrant because "the majority of the information provided by the [CI] related to 4203 South 23rd Street." (Filing No. 23 at pp. 4-5). On page two of the affidavit, Officer Branch does refer to a "4203 South 23rd Street" address in two places. However, it is apparent that this was a typographical error, as the remainder of Officer Branch's affidavit and the search warrant itself refers to events and information related to the "4207 South 23rd Street" address. The last paragraph of the affidavit summarizes and repeats the information from the earlier paragraphs, confirming that the information in the affidavit related only to the residence at "4207 South 23rd Street." Officer Branch verified that a "4203 South 23rd Street" address does not exist. This minor typographical error contained in the affidavit does not cast doubt on the showing of probable cause. See *United States v. Butler*, 594 F.3d 955, 961-62 (8th Cir. 2010)("A mere typographical error does not establish a 'deliberate falsehood,' or a 'reckless disregard for the truth,' nor does it cast doubt on the affidavit's showing of probable cause[.]").

In reviewing the four corners of the affidavit and application, and giving due deference to the issuing judge, the undersigned magistrate judge finds that Officer Branch's affidavit established a fair probability that methamphetamine and other evidence of illegal narcotics operation would be found inside the residence at 4207 South 23rd Street. Accordingly, the undersigned finds that probable cause existed for the issuance of the warrant.

However, even if probable cause did not exist to issue the warrant in this case, the undersigned finds the good faith exception to the exclusionary rule would save the evidence seized

from being suppressed. An exception to the exclusionary rule applies where officers rely on a warrant in good faith. *United States v. Hessman*, 369 F.3d 1016, 1019-20 (8th Cir. 2004)(citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Leon*, 468 U.S. at 920. "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008)(quoting *Leon*, 468 U.S. at 921).

The record in this case does not establish that law enforcement officers engaged in any dishonest or reckless behavior in obtaining the warrant. The record does not support any finding that the issuing magistrate abandoned his detached and neutral role. As discussed above, the undersigned magistrate judge finds that the warrant was not facially deficient or so lacking in probable cause as to make belief in the warrant entirely unreasonable. Under the totality of the circumstances, law enforcement officers could have a reasonable belief that probable cause for the issuance of the warrant existed, and thus the evidence obtained from its execution does not need to be suppressed. See *Leon*, 468 U.S. 897.

## II. Motion for *Franks* Hearing

Defendant argues that Officer Branch intentionally omitted material facts from his affidavit and therefore requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). A criminal defendant may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination. See *Franks*, 438 U.S. at 155-56. In order to obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that (1) the affiant "knowingly and intentionally" made false statements or made them in "reckless disregard for the truth" and (2) if the false information is excised (or the omitted information is included), the affidavit no longer establishes probable cause. *United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013)(citing *Franks*, 438 U.S. at 155-56). "The requirement of a substantial preliminary showing is not lightly met[.]" *Id.* (quoting *United States v. Mathison*, 157 F.3d 541, 548 (8th Cir. 1998)).

Defendant points to omissions from Officer Branch's affidavit that he contends amount to intentional or reckless disregard from the truth that materially misled the issuing judge. Specifically, Defendant argues that Officer Branch should have included information that the Ford Explorer was registered to someone other than Defendant and the time of day Officer Branch observed the Ford Explorer parked behind the target residence. Defendant further suggests that the SWAT team's entry into the wrong residence during the execution of the warrant is evidence of reckless police conduct. (Filing No. 26 at p. 3). But these omissions are immaterial to the existence of probable cause supporting the search warrant.

First, although Officer Branch ran the Ford Explorer's registration and found it was registered to someone other than Defendant, that information was not included in the affidavit because Officer Branch had also located information corroborating the CI's statement that Defendant drove the same Ford Explorer. Officer Branch testified it is common for individuals to drive a vehicle that they do not own. (TR. 16-17). The fact that the Ford Explorer was registered to someone else is immaterial to the finding of probable cause. Likewise, the fact that Officer Branch observed the Ford Explorer parked outside the residence during the afternoon does not cast doubt on the existence of probable cause in this case. Officer Branch testified that the time of day a vehicle is observed may be relevant to a request for a nightime search warrant, but any other significance is limited as people come and go from residences at different times. (TR. 18-19). "A law enforcement official is not required to include everything he knows about a subject in his affidavit, whether it is material to a finding of probable cause or not." *Tech. Ordnance, Inc. v. United States*, 244 F.3d 641, 649 (8th Cir. 2011); see also *United States v. Butler*, 594 F.3d 955, 961 (8th Cir. 2010)(citing *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir. 1987)("Omissions of facts in a supporting affidavit do not constitute misrepresentations unless they cast doubt on the existence of probable cause."). Finally, the fact that the SWAT team mistakenly entered the residence next door to the target residence during the execution of the search warrant is immaterial to the question of whether probable cause existed at the time officers applied for the warrant. In consideration of the above, the undersigned magistrate judge finds that Defendant has not made a "substantial preliminary showing" pursuant to *Franks*, and thus recommends his motion be denied.

Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert F. Rossiter, Jr. that Defendant's Motion to Suppress Evidence and Statements (Filing No. 22) and Motion for *Franks v. Delaware* Hearing (Filing No. 26) be denied.

Dated this 29th day of May, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.