IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:19CR42 |
| v. | ORDER |
| JAYSON YANES, | |
| Defendant. | |

This matter is before the Court on defendant Jayson Yanes's ("Yanes") Motion to Suppress Evidence and Statements (Filing No. 22) and Motion for Franks v. Delaware Hearing (Filing No. 26).[1] On May 29, 2019, after an evidentiary hearing, the magistrate judge[2] issued a Findings and Recommendation (Filing No. 41) recommending that both motions be denied. *See* 28 U.S.C. § 636(b)(1)(B).

As to Yanes's suppression motion, the magistrate judge concluded, despite Yanes's argument to the contrary, that probable cause supported the search warrant used to obtain evidence against Yanes. More specifically, the magistrate judge found the supporting affidavit sufficiently (1) outlined the basis for the information from a confidential informant ("informant") and (2) established the informant's reliability. The magistrate judge determined two references to a different, non-existent address in the affidavit were the result of "a minor typographical error" and did "not cast doubt on the showing of probable cause." The magistrate judge further concluded that "even if probable cause did not exist," the good-faith

---

[1] In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the Supreme Court held "that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."

[2] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

exception to the exclusionary rule would apply. *See United States v. Leon*, 468 U.S. 897, 920-22 (1984).

In support of his motion for a *Franks* hearing, Yanes argues that material omissions from the affidavit used to support the search warrant in his case either intentionally or recklessly "painted a false picture and was necessary to" the issuing judge's probable-cause finding. The magistrate judge again disagreed, finding the cited "omissions [we]re immaterial to the existence of probable cause supporting the search warrant." Accordingly, the magistrate judge recommends the Court deny Yanes's motions.

Yanes timely objected (Filing No. 42) to the findings and recommendation. In response, the government has expressly adopted (Filing No. 44) the magistrate judge's "conclusions and recommendations."

As required by 28 U.S.C. § 636(b)(1), the Court has completed a careful de novo review of the matters to which Yanes has objected and the balance of the record in this case, including the parties' submissions and the transcript of the hearing. Based on that review, the Court finds that Yanes's objections lack merit and that the magistrate judge's findings and recommendation should be accepted for the reasons stated by the magistrate judge. Therefore,

IT IS ORDERED:
1. Defendant Jayson Yanes's objections (Filing No. 42) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 41) is accepted.
3. Yanes's Motion to Suppress Evidence and Statements (Filing No. 22) and Motion for Franks v. Delaware Hearing (Filing No. 26) are both denied.

Dated this 26th day of June 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge