IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR42 |
| v. | |
| JASON YANES, | MEMORANDUM AND ORDER |
| Defendant. | |

On November 18, 2019, defendant Jason Yanes ("Yanes") pleaded guilty to (1) conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and (2) knowingly possessing a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced on February 21, 2020, to 12 months imprisonment on the drug charge and 300 months imprisonment on the gun charge, to run consecutively. He was also sentenced to respective terms of three and five years of supervised release, to run concurrently.

Yanes did not appeal. He is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth").

Now pending before the Court is Yanes's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Filing No. 94). Section 3582(c)(1)(A) authorizes Yanes to move the Court to reduce his sentence for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i). But he can only do so *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

On December 28, 2020, Yanes, who is 41 years old, submitted a written "request for Compassionate Release and/or Reduction in Sentence" to the warden at USP Leavenworth.  His request was "based on the Extraordinary and Compelling Circumstances, where COVID-19 poses an unreasonable risk of serious damage to [his] health that may also cause [his] death in prison."  Yanes reports he has not received any response from the warden.

Yanes now seeks relief from the Court.  He asks "the Court to consider" resentencing him "under the First Step Act Compassionate Release."  As Yanes sees it, the BOP is unable to protect his health as required by the Eighth Amendment to the U.S. Constitution.  In his motion, Yanes states four grounds for relief:  (1) his "mental and physical health" as a result of the "500 positive cases of Covid-19" at USP Leavenworth; (2) his "excessive sentence under 18 U.S.C. § 924(c)"—the statute of conviction for his gun charge—despite being a nonviolent drug offender arrested with a "user amount of drugs"; (3) his "elderly mother and son that [he] take[s] care of"; and (4) the emotional and mental strain of coping with being at a "Med-High prison with inmates with [the] worst criminal thinking and History" when he "should be at a camp."  Yanes also asks for appointed counsel.

Upon careful review, Yanes's motion is denied.  The only grounds for relief that Yanes relied on in the request he presented to the warden at USP Leavenworth was his generalized fear of contracting COVID-19.  Though understandable, such fear—standing alone—is insufficient to warrant relief under § 3582(c)(1)(A)(i).  *See*, *e.g.*, *Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Harris*, No. CR 15-108(01) (MJD), 2020 WL 6136122, at *2 (D. Minn. Oct. 19, 2020) ("The mere existence of the COVID-19 pandemic, without more, does not provide a basis for a sentence reduction.").  Yanes has neither shown that he faces any particular vulnerability to COVID-19 greater than that faced by the thousands of inmates in BOP custody nor that his personal circumstances otherwise warrant a reduction.

As for Yanes's remaining grounds, his failure to submit them to the warden for review in the first instance presents "a glaring roadblock" to the Court granting compassionate release on that basis. *See id.* (finding strict statutory compliance necessary in light of the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Even if he had, the Court would find he has not provided "extraordinary and compelling reasons" to reduce his sentence at this time.[1] *See* 18 U.S.C. § 3582(c)(1)(A)(i). Yanes's arguments for a reduction are unsupported and unpersuasive. *See United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence."). Accordingly,

IT IS ORDERED:

1. Defendant Jason Yanes's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Filing No. 94) and request for appointed counsel are denied without prejudice.
2. The Clerk of Court is directed to send a copy of this Memorandum and Order to Yanes at his address of record at USP Leavenworth.

Dated this 9th day of February 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[1] Given Yanes's arguments, the circumstances of his motion, and his express reliance on § 3582(c)(1)(A), the Court does not read his vague references to an "excessive sentence" as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a). *Cf. United States v. Gieswein*, 832 F. App'x 576, 577 (10th Cir. 2021) (affirming the district court's conclusion that the defendant's "arguments about his 'illegal sentence' [we]re not the type of 'extraordinary and compelling reasons' that justify a sentencing reduction under § 3582(c)(1)(A)").