IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON YANES,<br><br>Defendant. | **8:19CR42**<br><br>**MEMORANDUM<br>AND ORDER** |

On November 18, 2019, defendant Jason Yanes ("Yanes") pleaded guilty pursuant to a written plea agreement to drug and gun charges. In his plea agreement, Yanes expressly waived most of his rights to appeal and collaterally attack his conviction and sentence. He retained the right to raise a claim based upon "ineffective assistance of counsel." On February 21, 2020, the Court accepted Yanes's plea agreement and sentenced him to consecutive prison terms of 12 months on the drug charge and 300 months on the gun charge. Yanes did not appeal.

On February 22, 2021, Yanes sent a one-page letter (Filing No. 97) to the Clerk of Court. In the letter, Yanes states that he believed that his appointed counsel appealed his sentence but recently learned that he had not. Yanes states he needs to know what he has to do and how he can preserve his "rights to appeal or [his] 2255 since [his] lawyer didn't do what he said he would do." According to Yanes, he "had no knowledge of [his] case not being appeal[ed]" because he has been on lock down as a result of COVID-19.

Although Yanes's aims and expectations are not entirely clear given his circumstances, his letter—while brief—unmistakably raises the specter of issues that could fall within the scope of 28 U.S.C. § 2255. *See United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1 (D. Neb. Oct. 4, 2012) ("Any motion that is filed in the district court that imposed the sentence, and is substantively within the scope

of § 2255(a) '*is* a motion under § 2255, no matter what title the prisoner plasters on the cover.'" (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004))).

Based on Yanes's suggestion that his counsel did not file an appeal as expected and his reference to § 2255, the Court will, unless and until Yanes says otherwise, construe his filing as a motion to vacate, set aside, or correct his sentence under § 2255. This does not mean Yanes has raised valid grounds for relief under § 2255 or that his motion is timely and procedurally sound. At this point, the Court expresses no opinion on those matters or the merits of any other issue potentially raised in Yanes's short letter.

Before deciding Yanes's motion, the Court must warn him "of the consequences of treating his motion as one brought under § 2255 and give him an opportunity to avoid these consequences." *Id.* (citing *Castro v. United States*, 540 U.S. 375, 382-83 (2003)). Chief Judge John Gerrard has concisely set forth the proper procedure to follow in these circumstances. *See id.*

To begin, the Court must warn Yanes that federal law substantially limits the filing of a "second or successive" § 2255 motion.[1] Accordingly, Yanes must make sure he includes all "his claims for post-conviction relief in a single motion." *Carrillo-Castellon*, 2012 WL 4753377, at *2. If Yanes has more to say than what he has written in his one-page letter to the Court or "has additional grounds for relief" to assert, "he should consider withdrawing his current motion, or seeking leave to amend it." *Id.* Failing to do so risks forever forfeiting those arguments or claims for relief.

---

[1]Section 2255(h) requires that an Eighth Circuit panel certify under 28 U.S.C. § 2244 that a "second or successive" § 2255 motion contain either

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Court further must warn Yanes that § 2255 motions are generally subject to a one-year statute of limitation.  *See* 28 U.S.C. § 2255(f) (explaining when the limitation period begins to run).  Yanes must take care to ensure that any motion he files under § 2255 is timely or it may be barred.

With those warnings in mind, the Court will allow Yanes to amend or withdraw his present motion.  That leaves him three basic options.

First, Yanes can *withdraw* his current motion by notifying the Court in writing on or before April 19, 2021.  If he withdraws his motion, he may assert a new § 2255 motion, but he would have to do so within the applicable one-year limitation period discussed above.  *See id.* § 2255(f).  That may prove difficult here given the passage of a significant amount of time since his judgment of conviction became final.  If Yanes decides to file a new § 2255 motion, he should use the appropriate form.  The Clerk of Court will provide him a copy of the form for filing a § 2255 motion.

Second, Yanes can *amend* his current one-page motion to provide additional information to support his existing request for relief or add any new claims or arguments he may have.  If Yanes chooses to amend his existing § 2255 motion, he must submit an amended motion on or before April 19, 2021.  He can amend his motion by changing or supplementing his current submission, by using the § 2255 motion form provided by the Clerk, or both.

Finally, Yanes can *notify* the Court by April 19, 2021, that he wants it to rule on his current motion *as submitted*.  If Yanes does not advise the Court of his choice or otherwise respond to this Memorandum and Order by that date, the Court will (1) construe Yanes's silence as his consent to have his motion treated as a § 2255 motion and (2) decide the motion as currently submitted.

Based on the foregoing,

IT IS ORDERED:

1.      On or before April 19, 2021, Yanes shall either (a) *withdraw* his current motion; (b) *amend* his current motion; or (c) *notify* the Court he wants the Court to rule on his current motion *as submitted*.

2.      If Yanes does not notify the Court of his choice, he will be deemed to have consented to having the Court treat his motion as a § 2255 motion and rule on his request for post-conviction relief as is.

3.      The Clerk of Court is directed to send a copy of this Memorandum and Order and a copy of the proper form for filing a § 2255 motion to Yanes at his address of record.

Dated this 3rd day of March 2021.

                              BY THE COURT:

                              Robert F. Rossiter, Jr.
                              United States District Judge