IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:19CR42 |
| v. | ORDER |
| JASON YANES, | |
| Defendant. | |

This matter is before the Court on pro se defendant Jason Yanes's ("Yanes") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing Nos. 97 and 108). The Court's initial review of Yanes's motion is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* 28 U.S.C. § 2255, Rule 4(b). Under Rule 4(b), the Court must order the United States Attorney to respond to the motion (or take other appropriate action), unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.*

Although Yanes expressly waived most of his rights to appeal and collaterally attack his conviction and sentence in his plea agreement (Filing No. 79), he retained the right to raise claims "based on ineffective assistance of counsel." In his motion, Yanes asserts several ineffective-assistance claims, including a claim that his appointed counsel did not file an appeal like "he said he would."

To succeed on most ineffective-assistance claims, "the defendant must show that counsel's performance was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). However, counsel's "failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective

assistance entitling petitioner to section 2255 relief" without having to show prejudice or a likelihood of success on appeal. *Id.* (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). Determining whether counsel failed to file an appeal after being instructed to do so often requires an evidentiary hearing. *See*, *e.g.*, *Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015).

Having completed its initial review of Yanes's motion, the Court concludes summary dismissal is not warranted in this case. The United States Attorney must file an answer or other response on or before June 18, 2021. The Court will determine whether an evidentiary hearing is required after reviewing the government's response.

IT IS SO ORDERED.

Dated this 18th day of May 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge