# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON YANES,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 8:19CR42 |

## GOVERNMENT'S RESPONSE IN OPPOSITION
## TO MOVANT'S MOTION UNDER 28 U.S.C. § 2255

The Defendant, Jason Yanes, moved this Court, under Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence. (Filing Nos. 97, 108). This Court conducted a preliminary review and has directed the Government to respond only to Yanes' claim of ineffective assistance of counsel for failing to file a notice of appeal. (Filing No. 110, p. 2).

## BACKGROUND

The grand jury sitting in the District of Nebraska returned a three count Indictment on January 23, 2019, charging Jayson Yanes ("Yanes") with conspiracy to distribute 5 grams or more of methamphetamine (actual) (Count I), possession with intent to distribute 5 grams or more of methamphetamine (actual) (Count II), and knowingly use and carry a firearm in furtherance of a drug trafficking offense. (Count III). (Filing No. 1). He appeared for his initial appearance and arraignment on January 29, 2019, and entered a plea of not guilty. (Text Order 10). A Superseding Indictment was filed October 21, 2019, which added additional language in Counts I and II regarding elements of a prior conviction for a serious drug offense. (Filing No. 62).

After Yanes' Motion to Suppress and request for a Franks hearing (Filing Nos. 22, 30) was denied on May 29, 2019 (Filing Nos. 41, 45), he entered into a plea agreement (Filing No. 79) with the government. As part of the agreement, he agreed to plead guilty to a two-count Information charging him with possession with intent to distribute an amount of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (Count I) and possession of a firearm in during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count II). (Filing No. 75). He waived his right to appeal, however, he retained his right to file a claim of ineffective assistance of counsel. (Id., pp. 5-6). The appeal waiver provision expressly states that,

> If [he] breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

(Filing No. 79, p. 6). The government agreed to dismiss the Indictment (Filing No. 1) and the Superseding Indictment (Filing No. 62) at time of sentencing. (Filing No. 79, p. 1). The Revised Presentence Investigation Report (RPSR) expressed the impact of the plea agreement on Yanes' sentence:

> If the defendant would have pled guilty to Counts I and II of the Indictment or Superseding Indictment, he would have faced a statutory penalty of 10 years-life on each count (served concurrently to each other) and a 25 years-life on Count III to be served consecutively to Counts I and II. He would have also faced a minimum term of 8 years of supervised released on Counts I and II. Additionally, if the government would not have dismissed the Information of Prior Conviction, the defendant would have faced a statutory penalty of 20 years-life on Counts I and II of the Indictment or Superseding Indictment and a 25 years-life on Count III to be served consecutively to Counts I and II and a $20,000,000 fine.

(RPSR, ¶¶ 85, 86).

Yanes appeared before the Honorable Robert F. Rossiter, Jr., on February 21, 2020, for sentencing. (Text Minute Entry 89). He was sentenced to 12 months on Count I and 300 months on Count II to be served consecutive. (Filing No. 90).

Yanes' Motion to Vacate under 28 U.S.C. § 2255 was docketed on February 25, 2021. (Filing No. 97). His § 2255 motion is dated February 22, 2021, and post-marked February 23, 2021 (Filing No. 97). His motion is timely filed. *See*, *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (The date the conviction becomes final, for purposes of § 2255(f)(1), is the date when the time for filing an appeal expires.) He filed an Amended Motion on May 17, 2021. (Filing No. 108).

## GOVERNING AUTHORITY

"In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner." *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969). To meet this burden of proving ineffective assistance of counsel, a defendant must show first, that his/her counsel's performance was deficient and second, that the deficient performance resulted in prejudice. *Camacho v. Kelley*, 888 F.3d 389, 394 (8th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In other words, to prevail on a claim of ineffective assistance of counsel, a defendant must establish that his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment, and his counsel's deficient performance prejudiced his defense. *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

# **ARGUMENT**

<u>Yanes has not made a sufficient showing that he requested his attorney to file an appeal and the Government anticipates more credible evidence will indicate that he made no such request.</u>

Yanes asserts in his § 2255 motion, "I was under the [belief] that my lawyer Jason Troia had appeal[ed] my sentence[.]" (Filing No. 97, p. 1). He then asks this Court what he needs to do to preserve his appeal rights "since my lawyer didn't do what he said he would do." (Id.). In his Amended Motion, in response to questions why the issue was not raised on direct appeal, he asserts "this is my first appeal" or that he "didn't get one." (Filing No. 108, pp. 5, 6). Although Yanes waived his right to appeal as part of the plea agreement, it appears from the text entry following sentencing that this Court notified him of his right to appeal. (Text Minute Entry 89).

While an appeal waiver casts doubt on whether a defendant has adequately relayed his request to appeal to defense counsel, it is not determinative. See *Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007) (concluding that a defendant is denied effective assistance if counsel fails to file an appeal upon request, regardless of any plea waiver provision). Liberally construing Yanes' motion and his claim for relief, if he can demonstrate that he directed his defense counsel to pursue an appeal on his behalf, and defense counsel failed to do so, he would be entitled to an out-of-time appeal.

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See *Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S. Ct. 961, 143 L. Ed. 2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently. See *Jones v.*

4

> *Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) (accused has ultimate authority to make fundamental decision whether to take an appeal).

*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

To be able to obtain relief, a petitioner must show that he made his desire to appeal evident to his attorney. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) ("[a] bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact finder finds to be more credible indicates the contrary proposition") (citation omitted); *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (same); *Roe v. Flores-Ortega*, 528 U.S. 470, 474 (2000) ("[i]f counsel has consulted with the defendant . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal").

If Yanes is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver. *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014). In *Sellner*, the Eighth Circuit determined that Seller's statement outlining her request for defense counsel to file an appeal showed the same amount of specificity regarding when the alleged appeal-request conversation took place as defense counsel's affidavit and the district court erred when it made a credibility finding without an evidentiary hearing. *Id*.

However, unlike *Sellner*, Yanes does not even assert he asked defense counsel to file an appeal. He makes a vague claim that he "believed" counsel had appealed his sentence and that counsel failed to do what he said he would do. (Filing No. 97). Yanes' vague allegations do not meet his burden.

Defense counsel's affidavit contradicts Yanes' claim for relief. (Index, Affidavit, Attachment 1). In his Affidavit, defense counsel unequivocally states that "Mr. Yanes did not ask me to file an appeal." (Affidavit, ¶ 4).

### Conclusion

For the foregoing reasons, the Government respectfully requests this Court to deny Yanes' claim for relief.

Respectfully submitted this 2nd day of August, 2021.

        UNITED STATES OF AMERICA,
        Plaintiff

        JAN W. SHARP
        Acting United States Attorney
        District of Nebraska

By:   s/ Thomas J. Kangior
      THOMAS J. KANGIOR, #21496
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE  68102-1506
      Tel:  (402) 661-3700
      Fax:  (402) 345-5724
      E-mail:  thomas.kangior@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on August 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

    Jayson Yanes
    Reg. No. 18084-047
    USP - Leavenworth
    PO Box 1000
    Leavenworth, KS 66048

                                                s/ Thomas J. Kangior
                                                THOMAS J. KANGIOR
                                                Assistant U.S. Attorney