IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR42 |
| v. | |
| JAYSON YANES, | AMENDED ORDER |
| Defendant. | |

This matter is before the Court on pro se defendant Jayson Yanes's ("Yanes") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing Nos. 97 and 108). Yanes asserts his appointed counsel in his criminal case, Jason E. Troia ("Troia"), *see* 18 U.S.C. § 3006A, was unconstitutionally ineffective in several respects. In particular, Yanes contends Troia (1) never told him "that the max [he] could get [if he went to trial] was 29 years 10 months," (2) never attacked the gun charge, (3) never attacked the confidential informant's credibility, and (4) abandoned the suppression hearing. Yanes also states he believed that Troia appealed his sentence but later learned Troia "didn't do what he said he would do." *See United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required.").

On initial review (Filing No. 110), the Court ordered the government to respond to Yanes's Amended Motion. Fixating exclusively on Yanes's allegations regarding his right to appeal, the government contends (Filing No. 118) that "Yanes has not a made a sufficient showing that he requested his attorney to file an appeal and the Government anticipates more credible evidence will indicate that he made no such request." In support, the government provides an affidavit from Troia in which he avers Yanes never asked him to

file an appeal. Neither the affidavit nor the government's brief mention Yanes's other grounds for relief.

The government acknowledges the Eighth Circuit has held that a district court can—in certain circumstances—abuse its discretion by resolving credibility issues based on an attorney's affidavit without holding an evidentiary hearing. *See Sellner*, 773 F.3d at 930 ("In the absence of an evidentiary hearing, [the petitioner's] counsel's statement that [the petitioner] agreed not to file an appeal is insufficient to support a finding that [the petitioner's] allegations cannot be accepted as true."). But the government indicates Yanes's "vague allegations" fall short of meeting his burden of proof and do not warrant a hearing. In the government's view, Yanes's situation is distinguishable from *Sellner* because he "does not even assert he asked defense counsel to file an appeal."

The government may be right—Yanes's statements certainly could have been clearer. But § 2255(b) requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." While very thin, Yanes's allegations permit a reasonable inference that he asked Troia to file an appeal. And the Court is inclined to err on the side of caution here, particularly given the potential language barriers at issue in Yanes's motion. The Court will set this matter for hearing.

Under Rule 8(c) of the Rules Governing Section 2255 Proceedings, when the Court finds "an evidentiary hearing is warranted" and the petitioner qualifies for appointed counsel under § 3006A, the Court must appoint counsel to represent him. Accordingly,

IT IS ORDERED:

1. An evidentiary hearing on Yanes's Amended § 2255 Motion is set for September 14, 2021, at 11:00 a.m. in Courtroom No. 4, Roman L. Hruska Federal Courthouse, 111 S. 18th Plaza, Omaha, Nebraska 68102.

2. The Federal Public Defender for the District of Nebraska is appointed to represent Yanes at the hearing. If the Federal Public Defender accepts this appointment, the Federal Public Defender shall promptly file an appearance in this matter. In the event the Federal Public Defender should decline this

       appointment for reason of conflict or based on the Criminal Justice Act Plan, the Federal Public Defender shall promptly provide the court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

3. The Clerk of Court shall provide a copy of this order to the Federal Public Defender.

4. The Court will arrange for Yanes to participate by telephone. Counsel and Troia will personally appear.

5. The parties may call other witnesses and present other relevant evidence at the hearing.

Dated this 9th day of August 2021.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge

3